Good morning. May it please the court, William Smith appears by Kenneth Carpenter this morning to appeal a decision from the United States Court of Appeals for Veterans Claims and presents two issues. The first issue deals with the standard of review for compliance of a remand order from the Board of Veterans' Appeals to the regional office. Mr. Carpenter, Mr. Swift is arguing that the Veterans Court erred by not applying the de facto standard. Below, Mr. Swift contended to the Veterans Court that the board decision was clearly erroneous and must be set aside as unlawful. I'm quoting. That's the argument before the Veterans Court at that time. That's standard of review, isn't it? The standard of review you're arguing for at De Novo wasn't raised, was it? Well, it was intended to be raised, Your Honor. If it was not perceived by Your Honor as being raised, that is inconsistent with the intent below. What we ask the court to do- The De Novo standard raised below. I'm sorry, Your Honor. It was not. What we are appealing, however, is- So what you're doing is you're challenging the standard that was raised below, that you raised below. No, I'm challenging the standard that was relied upon by the Veterans Court. The Veterans Court- The standard that was relied upon, which you're challenging, was what was argued by Mr. Swift below. Is that not correct? What Mr. Swift argued, he argued clearly erroneous and must be set aside as unlawful. Right, but as it related to the issues that were presented below, which were that the evidence was inadequate to support the rating and that the board failed to provide an adequate statement of reasons and bases for why it did not assign a 70% rating. That was the clearly erroneous standard. What the Veterans Court did was to go beyond that and address the question of the enforcement of the remand order and said in its decision that the Veterans Court was to be reviewed under the clearly erroneous standard. That's the remand- Where did it say that? What page? I believe it's page four, Your Honor. Page four. I see a sentence saying the board's determination of VA is satisfied as due. Your assist is reviewed under the clearly erroneous standard. Is there some place there where they say the compliance with a remand order is reviewed under a clearly erroneous standard? Maybe I missed it, but I don't see it. No, Your Honor, that's correct. It's my error. It just seems to me there's no basis for your argument in the decision. I apologize, Your Honor. It's my error. The alternative argument then addresses the interpretation of 5103A, which deals with the VA's duty to assist. In this context, the lower court interpreted the duty to assist under 5103A to be satisfied if the medical opinion simply said that the examiner could not provide an opinion without resort to speculation and that nothing more is required. For this interpretation, they rely upon their decision in CHODA. To the extent that CHODA interpreted 5103 to limit the retrospective medical opinion as being satisfied for nothing more than a declaration that an opinion could not be returned without resorting to speculation is a misinterpretation of 5103A. The provisions of 5103A have been interpreted by this Court in Wood in which this Court said that the duty to assist a claimant in obtaining a medical opinion whenever such opinion is necessary to substantiate the claim. The Board found in 2010 that it was necessary to substantiate Mr. Swift's claim for a rating more than 50% that he be given a retrospective medical opinion. He was not given a retrospective medical opinion because the examiner came back and said, I can't give you that opinion without resorting to speculation. The Veterans Court determines the Board didn't violate its previous remand order and it didn't err in its review of the duty to assist. Isn't that intensely factual? No, Your Honor, I do not believe so because the examination in this case expressly said that we're giving you a non-opinion. We are not giving you the opinion that was necessary to substantiate the claim. To accept that and to say, as the Veterans Court did, that nothing further is required when that is the response by the VA's examiner is inconsistent with the VA's duty to assist as a matter of law. Wait, I don't understand. What did the examiner do wrong? He said he looked at the hospital medical records and said that he couldn't find that the claim was established based on those records, right? No, Your Honor, what she said was that she could not provide a retrospective medical opinion without resorting to speculation. That's essentially saying that the medical records don't show what the veteran claims they did show. I beg to differ, Your Honor, because the specific remand was to do a retrospective medical opinion, to look back at those records and offer an opinion as to the severity of this condition. And she did not do that. She said that determining what that condition was, and when she did it, she limited it to the question of a total rating at 100%. There is an interim rating of 70%, which was not considered... That's a different point. What you're saying is that she didn't consider the 70% rating as opposed to the 100% rating. That's correct. But that's not an argument that you raised below either, right? Yes, Your Honor, I believe it is the precise argument that we raised below. Show me where you raised it. In the second argument, pages 11 to 15, is whether or not the Board failed to provide... What are you referring to? JA85, Your Honor, I'm sorry. The appellant's brief below. Whether the Board failed to provide an adequate statement of reasons or basis for why the GAF of 45 would not warrant a rating of 70% and an extra scheduler rating from the effective date of March of 2004. That's not saying that the medical examiner failed to consider a 70% rating. I thought your argument was that the medical exam was inadequate because it failed to consider a 70% as opposed to a 100% rating. What we're relying on is what the Veterans Court said in terms of the adequacy of that examination. The Veterans Court relied upon an interpretation of the statute for the VA's duty to assist that nothing more is required when the examiner says, I cannot arrive at an opinion without resorting to speculation. And is such a declaration consistent with... I'm confused. It seems to me there are two separate arguments here. I understand one of the arguments, and that is that the medical examiner considered only the possibility of a 100% rating and said the medical records didn't support a 100% rating. You're saying the medical examiner should have considered a 70% rating in addition to a 100% rating. And that was an error. But what I'm asking you is that latter argument, where was it raised below? It was raised implicitly below. Implicitly? Where was it raised explicitly? Well, that argument was not, Your Honor, but the decision by the Veterans Court, which is what we are on appeal today for, said that the examination that was provided was adequate and didn't require more once the examiner simply declared that she was unable to provide an opinion without resorting to speculation. The VA's duty to assist requires that the VA at least make an attempt to get an additional opinion to confirm whether or not that does, in fact, exhaust the reasonable expectation that assistance will be of help. If that's the interpretation of the VA's duty to assist, then the VA simply has to have an examiner say, I can do nothing, and therefore there is no assistance that can be provided. And that's not what's contemplated by the duty to assist. I see that I'm into my rebuttal time. I'd like to reserve the balance. We will do that, Mr. Confitor. Ms. Hogan. Good morning, Your Honors. May it please the Court, this appeal should either be dismissed or the decision of the Veterans Court should be affirmed because Mr. Swift has not identified any legal error in that opinion. There is a potential legal error in that the examiner appeared not to consider the 70% rating. That would require an interpretation of the medical opinion, which the Board did, and the Veterans Court reviewed under a clearly erroneous standard, and that would require the application of a lot of facts, which this Court has precluded from doing. But wait, I don't understand that the Board and the Veterans Court said that the examiner considered a 70% rating. Can you lie along about that? What the Board – well, no, essentially what the Board did was say that there was nothing more than a 50% rating that was warranted based upon the evidence in the record, and that implicitly would suggest that a 70% rating or a total rating are not warranted for the particular time period that we're talking about. And we do articulate a little bit further in our brief as to why the Court could read the medical opinion to include a consideration of whether 70% was warranted. But I think the Court's concerns are correct that that was not an argument that was made below, and there was not an interpretation of 5103A by the Veterans Court below. It was simply an examination of the error that was raised by Mr. Swift before the Veterans Court, and that error, which is on page 90 of the joint appendix, Mr. Swift's Veterans Court brief simply said, was this medical examination adequate? And the Board found that the duty to assist was complied with and that there was substantial compliance with the remand order, and those factual conclusions were reviewed by the Veterans Court under a clearly erroneous standard, which is plainly the correct standard to apply in that situation. And beyond that, there's simply no legal issue that was raised by Mr. Swift. Mr. Swift wants apparently a rule of law that would require the VA to obtain multiple opinions to confirm the opinion that was required by the remand order. But the Board found that simply saying the evidence that we have here simply does not substantiate, I would be guessing, if I were to say anything above the 50% that was already awarded, that complied with the remand order and it complied with the duty to assist. And in particular, Mr. Swift hasn't identified anything that a new medical opinion would accomplish. He hasn't identified... What about the argument that the veteran should have been interviewed as part of the medical opinion? Well, that's not... First, certainly that was not required by the terms of the remand order. And the 5103A does require, in certain circumstances, a medical opinion, but it doesn't necessarily require an interview of the claimant. I think of note in the Veterans Court's decision, the Veterans Court does identify... When you're talking about somebody getting a medical opinion, you talk to the person whose condition was being evaluated, right? No. The medical opinion was to review all of the evidence that was already in the electronics claims file in the veterans' medical records to obtain any records. I think what really hasn't been emphasized here, which is perhaps one of the reasons why this remand was requested in the first place, was because Mr. Swift had identified potential workers' compensation records that he thought might be... Where does the remand order say that it's limited to reviewing the records? The remand order on page 51 and 52 asks, please obtain a retrospective medical opinion. After reviewing the claims file, an appropriate examiner should describe the nature and severity of the PTSD for the time period. In the earlier paragraph, the RO is instructed to ask Mr. Swift to identify any additional evidence that he may have, and that evidence is to be considered by the psychologist in rendering that opinion. Where does it limit the remand to reviewing the records? That's the directions that were given. I suppose there's certainly no prohibition for doing so, but what is set out in the remand order is to ask Mr. Swift for any additional evidence that is not currently of record, to assist him in obtaining those records, and then to obtain a retrospective medical opinion. All those three things were done. Mr. Swift did not identify any additional evidence that he wanted the VA to consider, and so the VA made its retrospective medical opinion based upon the evidence that was already in the claims file, including three prior examinations by the VA of Mr. Swift from 2004, 2002, and another date. So there was, and the Veterans Court does talk about this in its opinion, there was already some ample evidence on the record that formed the basis of the 50% award, and the medical examiner simply concluded that beyond that would be speculative to guess as to what the condition of his social and work impairment would be based on those records. Normally, when you obtain a medical opinion, you examine the veteran? No, those are two different things. So a medical opinion could be, as here, the psychologist is asked to render an opinion based upon the evidence of record on a specific issue. In this case, was he totally unemployable during this time period or was he entitled to anything more than a 50% rating? A medical examination might also be appropriate in some circumstances, but in this case we were talking about a retrospective opinion about what his condition was during a prior time period, and there was a determination that that could be based upon the prior evidence and any other evidence that Mr. Swift wanted to obtain, and that the board found was sufficient to comply with the duty to assist as well as with the terms of the remand order. If the court has no further questions, we respectfully request that the court either dismiss or affirm the appeal. Thank you, Ms. Hogan. Mr. Carpenter has a little rebuttal time. May it please the court, if the court would direct its attention to the 2010 remand order at JA 50, at the bottom of that page continuing on to the top of the next page before the remand instructions are delivered by the board, the remand expressly relies upon the veteran's decision in CHODA and cites specifically the parenthetical from CHODA that holding that the duty to assist may include the development of medical evidence through a retrospective medical opinion where there is a lack of medical evidence at the time being rated. That's all that the VA obtained from this medical opinion, that there was a lack of evidence in that time frame. And without resorting to speculation, the examiner could not offer an opinion. But that's precisely why the interview of the veteran was critical and that it was necessary and CHODA is predicated on the fact that when the VA, as in this case, has six years' worth of time in which there isn't a development of the record to show the severity of the condition, that the VA will go back to the veteran as the primary source for the severity of the conditions and interview the veteran. CHODA specifically talks about that process. That was not the process that was involved in this remand or what the remand examiner did when she did her examination and simply concluded that she couldn't address total and social impairment without resorting to speculation. That's the only opinion that she offered. She did not address the severity. She made no effort to interview the veteran. And for the VA to suggest that there are two different types of medical opinions further demonstrates the error in interpretation of 5103A because it's about a necessary medical opinion. And what was the necessary medical opinion in this case? It was the retrospective medical opinion for the time period from 1998 to 2004, and that was not an opinion that was obtained on remand. Unless there's further questions, I thank the Court for your consideration. Thank you, Mr. Carthage.